IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHONG THAO,

    Petitioner,                      No. CIV S-09-3536 DAD P

    vs.

WARDEN SWARTHOUTH,          ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with the court's December 31, 2009 order, petitioner has paid the filing fee.

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the

/////

1

answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

On December 22, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus, challenging his 2007 judgment of conviction for robbery and kidnapping entered by the Sacramento County Superior Court. In his petition, petitioner raises several claims of ineffective assistance of counsel as well as a claim of actual innocence. According to the petition, petitioner appealed his conviction to the California Court of Appeal for the Third Appellate District and the California Supreme Court. However, it appears that he did not raise any of the claims set forth in his pending federal petition on appeal or in any subsequent petitions for post-conviction relief to the California Supreme Court. (Pet. at 2, 5 & Supp.)

Recognizing that this court cannot grant relief on unexhausted claims, petitioner has filed a motion for a stay and abeyance. Therein, he argues that he has diligently pursued his claims, that his claims have merit, and that his motion for a stay and abeyance is not for purposes of delay or abuse of the process. In this regard, petitioner maintains that he has demonstrated good cause for a stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005). (Pet'r's Mot. for Stay & Abey. at 1-5.)

## ANALYSIS

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

In this case, it appears that petitioner has not presented any of the claims pending in his federal petition to the California Supreme Court.  Although petitioner has filed a motion for a stay and abeyance in order to exhaust his claims in state court, petitioner is advised that a stay and abeyance is not available where, as here, the petition is wholly unexhausted.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  In Raspberry, the Ninth Circuit explained:

> District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims.  We decline to extend that rule to the situation where the original habeas petition contained only unexhausted claims . . . .  Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust.

Id. at 1154.  See also, e.g., Dotson v. Uribe, No. CV 09-6115-FMC (PLA), 2009 WL 4885200, at *4 (C.D. Cal. Dec. 14, 2009) (denying a motion for a stay and abeyance because the federal petition contained only unexhausted claims); Brown v. Dexter, No. CV 08-1119-SGL (VBK), 2008 WL 4384181, at *4 (C.D. Cal. Aug. 21, 2008) (same).

Here, the court is not presented with a mixed petition.  Rather, it appears that the instant petition contains only unexhausted claims.  Accordingly, the court concludes that petitioner's motion for a stay and abeyance should be denied, and this action should be dismissed without prejudice due to petitioner's failure to exhaust state court remedies.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to randomly assign a United States District Judge to this action; and

/////

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's December 22, 2009 petition for writ of habeas corpus (Doc. No. 1) be dismissed for failure to exhaust state remedies;

2. Petitioner's December 22, 2009 motion for a stay and abeyance (Doc. No. 4) be denied; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 29, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
thao3536.103

4